UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Harold Anderson, | ) C/A No. 9:08-742-TLW-GCK |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) REPORT AND |
| | ) RECOMMENDATION |
| State Attorney General of South Carolina; Karen C. Ratigan; Catherine Townsend; Judge Edward Miller; Paul Wickensimer; Major Michell Melton; Micheal Watts; Corporal Whilliker; Christopher Posey; Betty NLN, CSW; Judge Thomas Taylor; L. D. Kirian Roguls; Judge LaTonya Simmons; Linda McGrish; Allen Fretwell; Susan Hudgens; H.K. Robinson; Brian Scott; Sean Collins; J. D. Burch; Steve Sumner, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

The plaintiff, Harold Anderson (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] At the time of filing the complaint, Plaintiff was a prisoner within the South Carolina Department of Corrections, but has since been released. Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names as defendants the State Attorney General of South Carolina and an Assistant State Attorney General and the allegations, although unclear, appear to be related to Plaintiff's state court action for post-conviction relief. The amended complaint filed by Plaintiff adds nineteen defendants and concerns state court proceedings related to Plaintiff's criminal case. Plaintiff seeks monetary damages. Complaint at 7.[2] The pleadings

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] The page numbers of the pleadings referenced in this report are the page numbers assigned by the Electronic Case Filing (ECF) system found at the top of each page of the document on the docket.

should be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Additionally, many of the Defendants are immune from suit. 28 U.S.C. § 1915(e)(2)(B)(iii).

## *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.).

The complaint in this case has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) *(per curiam)*. Even under this less stringent standard, however, a *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a pleading to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the

2

plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Background

Plaintiff pled guilty in state court to drug distribution charges on October 4, 2004 [docket # 1-2 at 3.] Plaintiff was sentenced to concurrent terms of ten years, suspended upon the service of one year home incarceration and three years probation for distribution of cocaine, and ten years suspended during probation for distribution of cocaine within proximity of a school. On July 22, 2005, Plaintiff's probation and suspended sentence were revoked, and he was ordered to serve six years [docket # 1-2 at 4] of the original ten year sentence. Plaintiff filed state court post-conviction relief proceedings to challenge the probation revocation, but did not prevail [docket # 1-2].

In March 2008, Plaintiff submitted for filing in this Court hundreds of hand written pages, a confusing array of documents, which appeared to be separate complaints against various defendants.[3] Many of Plaintiff's submissions contained "Statement of Claim" or "Statement of Claim Continued" at the top, but were not attached to a particular complaint form or captioned page. This Court construed the documents submitted as seven separate cases and grouped the apparent random documents into the seven cases.[4] In all seven cases, the plaintiff failed to pay a filing fee or request to proceed *in forma pauperis*. On May 5, 2008, orders were issued in each case permitting Plaintiff to bring the case into proper form by providing the filing fee or *in forma pauperis* motion.

---

[3] To confuse matters further, several service documents were interspersed throughout the papers, often with no relation to the documents to which they were attached.

[4] The case numbers for the seven cases are: 9:08-741; 9:08-742; 9:08-743; 9:08-744; 9:08-745; 9:08-746; 9:08-818.

The plaintiff complied by filing motions to proceed *in forma pauperis* which were granted in each case.

On July 3, 2008, the plaintiff filed a 153 page document with the caption of this case and pages titled "Statement of Claim Continued." All of the added defendants were already named in at least one of Plaintiff's other contemporaneous cases. However, because the document was filed prior to a responsive pleading being filed, pursuant to Rule 15 of the Federal Rules of Civil Procedure the document was construed as an amended complaint.

The complaint in this case names the Attorney General of South Carolina and an assistant state Attorney General as defendants and appears to relate to the Plaintiff's state court action for post-conviction relief. The amended complaint names nineteen additional defendants and appears to relate to Plaintiff's state court criminal case as well as revocation of probation proceedings. The pleadings seek monetary damages. Complaint at 7.

## Discussion

The law is well settled that federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute. *Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992); *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986). The Court could have subject matter jurisdiction of this case under 28 U.S.C. § 1331, "federal question," because the complaint is filed pursuant to 42 U.S.C. § 1983 (§ 1983). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). The civil rights statute 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994),

4

*quoting Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## I. Failure to State a Claim

The first requirement to state a claim under § 1983 is that the defendant act under color of state law. The Defendants Posey and Sumner are attorneys involved in the legal defense of Plaintiff in relation to his criminal case and probation revocation proceedings. "The color of law requirement excludes from the reach of § 1983 all 'merely private conduct, no matter how discriminatory or wrongful.'" *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003), quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under § 1983. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980) (court-appointed attorney); *Polk County v. Dodson*, 454 U.S. 312, 317-324 & nn. 8-16 (1981) (public defender). Thus, the pleadings fail to state a claim under § 1983 against Defendants Posey and Sumner.

The remaining defendants appear to act under color of state law for purposes of a § 1983 action, but no constitutional violation is sufficiently stated in the pleadings.

Only the claims against Defendants Roguls and Robinson, arresting officers, could be very liberally construed to allege violation of a federal right. However, even if the allegations concerning Plaintiff's arrests were liberally construed to claim violation of the Fourth Amendment for unreasonable seizure, the pleadings fail to state a claim. The amended complaint indicates each

5

Defendant arrested Plaintiff pursuant to an arrest warrant. Amended Complaint at 51, 127. No allegations are made that the warrants were not valid and a facially valid warrant provides the probable cause necessary to comport with constitutional requirements. *Brooks v. City of Winston-Salem*, 85 F.3d 178 (4th Cir. 1996) (a public official cannot be charged with false arrest when he makes the arrest pursuant to a facially valid warrant). Thus the allegations in the pleadings concerning Plaintiff's arrests fail to state a claim upon which relief may be granted.

No other factual allegations in the pleadings, even liberally construed, give rise to an inference of the violation of Plaintiff's constitutional rights. The complaint in this case is seven pages with forty-four pages of attached documents. The attachments, however, do not assist in deciphering a claim in this case. The amended complaint is over 150 pages, but also fails to provide sufficient allegations to state a claim under § 1983 for violation of a federal right. The pleadings are a mixture of brief narrative and lengthy repetitive legal statements that do not contain allegations that can be construed as a claim under § 1983. The pleadings do not allege facts that convey how the Defendants have violated a constitutional right of Plaintiff, but simply state a few facts and make repetitive and conclusory statements that rights have been violated. For example, the pleadings' factual allegations against Defendant Ratigan, are as follows, verbatim:



> The defendant Miss Karen C. Ratigan deliberate and intentionally stated at the PCR hearing on Tuesday April 18, 2006. The Assistant Attorney General Office stated in open court and do you recall discussing with me the transcript of the guilty plea reflecting thats those date when this crime was supposed to have happened. Do you remember us talking about that the plea that took place on Monday October 4, 2004 before the Honorable Edward W. Miller.

Complaint at 3. The complaint makes no other factual allegations against Defendant Ratigan. This brief narrative is followed by legal conclusions, such as the following, that are repeated in many of

6

Plaintiff's pleadings:

> The Defendant Karen C. Ratigan has committed wrong under color of law to cause the Plaintiff Harold Anderson defamate of character, emotionally, pain, and suffering the Defendant Karen C. Ratigan has committed wrong under color of law and violated funamental principles of fairness, embodied in the United States Constitutuional the Defendant Karen C. Ratigan is not immune from suit when she acted with deliberate indifference misusing her authority [cite/quote omitted]. This is a violation of 4th Amdent right to USCA and a violation of 5th Adment right to USCA and six Adment right to USCA and a violation of Eight Adment Right to USCA.

Complaint at 5. Further legal conclusions are stated, but no further facts are provided.

This pattern of brief factual narrative followed by legal conclusions is repeated throughout the amended complaint as well. In the amended complaint, Plaintiff changes the Defendants name, but states substantially the same legal conclusions, sometimes verbatim. Amended Complaint at 6, 10, 15, 26, 29, 36, 42, 53, 61, 64, 67, 70, 101, 128, 141, 146, 148, 153. The facts alleged against each Defendant are simply a statement of the Defendant's role in the state court proceedings in Plaintiff's criminal, post-conviction, or probation revocation cases. For example, the amended complaint states verbatim, "Defendant Mr. Steve W. Sumner was the attorney who represented me on the probation violation on July, 22, 2005, befor the defendant the Honorable Eward W. Miller." Amended Complaint at 153. No further facts are provided to explain how Defendant Sumner is alleged to have violated Plaintiff's federal rights. Although some of the factual narratives against other defendants are longer, they also fail to state a connection between the facts stated, for example Defendant Hudgens, a court reporter, "deliberate and intentionally put here signature on the following sentenceing [sic] sheet for the HIP program house arrest," Amended Complaint at 100, and the legal conclusion that the Defendant has "committed wrong" and violated constitutional rights of Plaintiff. The pleadings fail to explain how the factual allegations are actions by the Defendants



which violate Plaintiff's constitutional rights.

The pleadings' general claims that rights have been violated do not state a claim under § 1983. Although the Court must liberally construe the *pro se* complaint, Plaintiff must do more than make mere conclusory statements to state a claim. *Brown v. Zavaras*, 63 F.3d 967 (10th Cir. 1995); *Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (complaint dismissed because "failed to contain any factual allegations tending to support his bare assertion"). The United States Supreme Court discussed pleading requirements in *Erickson v. Pardus*, _U.S._, 127 S. Ct. 2197, 2200 (2007), stating that

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests.

The Supreme Court further instructs that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombley v.*, _U.S._, 127 S.Ct. 1955, 1974 (2007). While Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the complaint, he must allege facts that support a claim for relief. *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003). The complaint must "contain a modicum of factual specificity, identifying the particular conduct of defendants that is alleged to have harmed the plaintiff." *Ross v. Meagan*, 638 F.2d 646, 650 (3d Cir. 1981). The allegations in the pleadings in this case fail to demonstrate the violation of Plaintiff's constitutional rights. This Court is not required to develop tangential claims from scant assertions in the complaint. *See Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985). The pleadings fail to state a claim upon which relief may

be granted under § 1983, and should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Immune Defendants

Even if Plaintiff had sufficiently stated a claim under § 1983 in this case, several of the defendants are immune from suit.

### A. Judicial Immunity

The Defendants Miller, Taylor, and Simmons, have absolute judicial immunity from suit. Immunity presents a threshold question which should be resolved before discovery is even allowed. *See Siegert v. Gilley*, 500 U.S. 226 (1991); and *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)(absolute immunity "is an immunity from suit rather than a mere defense to liability"). In *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983) and *Pierson v. Ray*, 386 U.S. 547, 554 (1967), the Supreme Court has specifically held that state judges are absolutely immune from liability under 42 U.S.C. § 1983. The pleadings state that Defendants Miller, Taylor, and Simmons are judges and the factual allegations concerning these Defendants relate to judicial acts taken in the Plaintiff's criminal case, post-conviction case or probation revocation hearing. Defendants Miller, Taylor, and Simmons have absolute immunity from suit in this § 1983 action.

### B. Prosecutorial Immunity

The Defendants Townsend, Fretwell, and Ratigan have prosecutorial immunity from suit. In *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976), the United States Supreme Court held that prosecutors, when acting within the scope of their duties, have absolute immunity from damages liability under § 1983 for alleged civil rights violations committed in the course of proceedings that are "intimately associated with the judicial phase of the criminal process."

Defendant Townsend "is the Solicitor who deliberate and intentionally prosecuted this case."

Amended Complaint at 3. The law is well established that the decision whether to prosecute or not to prosecute is protected from suit by prosecutorial immunity. *Imbler v. Pachtman*, 424 U.S. 409. Similarly, the allegations against Defendant Fretwell, a solicitor involved in Plaintiff's state criminal case, relate to his actions in court and the fact he "deliberate and intentionally signed his signature" on "sentence sheets" and an "indictment." Amended Complaint at 69, 89, 105. All of the allegations relate to the judicial phase of the criminal process, invoking prosecutorial immunity.

The prosecutorial immunity established in *Imbler* extends to post-conviction proceedings, such as appeals and habeas corpus proceedings. *See Houston v. Partee*, 978 F.2d 362, 365 (7th Cir. 1992)(recognizing "substantial case law granting absolute immunity for acts done in various post-conviction proceedings"); and *Bruce v. Wade*, 537 F.2d 850 (5th Cir. 1976)(challenges to conviction protected by the immunity doctrine). The Defendant, Karen C. Ratigan, a Deputy Attorney General with the South Carolina Attorney General's Office, represented the State at the plaintiff's post-conviction relief hearing. The factual allegations concerning the post-conviction relief hearing indicate that the actions of Defendant Ratigan took place in Court and were within the scope of her duties. Thus, Defendants Ratigan, Townsend and Fretwell have prosecutorial immunity from liability in this § 1983 action.

### C. Sovereign Immunity

The Defendants that are acting under color of state law, sued in their official capacity, have sovereign immunity. A § 1983 action against a state official in his official capacity is a suit against the official's office, which is the same as suit against the State. *Bright v. McClure*, 865 F.2d 623 (4th Cir. 1989). The State has immunity from suit for damages pursuant to the Eleventh Amendment of the United States Constitution. A State must expressly consent to suit in a federal district court,

*Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99 (1984), and the State of South Carolina has specifically denied consent to suit in federal district court. *See* South Carolina Tort Claims Act, § 15-78-20(e) South Carolina Code of Laws (statute expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State). Additionally, official capacity claims can be dismissed because defendants sued in their official capacity are not a "person" within the meaning of § 1983. *Vermont Agency of Natural Resources v. United States*, 529 U.S. 1858 (2000). Claims against Defendants in their official capacity should be dismissed.

## D. Other Immunity

Defendant McGrish, foreman of the Grand Jury, is alleged to have "stamped the indictment." Amended Complaint at 56-8. Members of the Grand Jury are immune from suit under § 1983. *Martone v. McKeithen*, 413 F.2d 1373, 1376 (5th Cir. 1969)(members of grand jury immune from liability under the civil rights statutes).

Court personnel, including Defendant Wickensimer, Clerk of Court, as well as Defendants Watts and Hudgens, court reporters, have absolute immunity for any actions taken pursuant to court order. *Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3rd Cir. 1969)("well-grounded principle that any public official acting pursuant to court directive is also immune."). The reasoning, that court personnel must take the action directed by a judge or be found in contempt of court, also applies to the requirement to act in accordance with rules of court. *Mourat v. Common Pleas Court of Lehigh County*, 515 Supp. 1074 (E.D. Pa. 1981). Defendant Wickensimer is alleged to have filed documents, such as "application for a bench warrant," presented for filing, as well as signed and

"stamped" his name on court papers, in relation to Plaintiff's criminal case and probation revocation. Amended Complaint at 8, 28, 33, 38, 97. Defendant Wickensimer is required to file and certify documents as the Clerk of Court. As to Defendant Watts the amended complaint alleges "deliberate and intentionally was the circuit court reporter for the violations of probation which states July 22, 2005, for a hearing before the defendant the Honorable Eward W. Miller." Amended Complaint at 17. Similarly, the allegations against Defendant Hudgens state verbatim "deliberate and intentionally put here signature on the following sentenceing sheet for the HIP Programham House Arrest order on 10 04,2004, and deliberate and intentionally stated right under her signature probation begines upon completion of any earley release prograhm." Amended Complaint at 100. Court reporters attend court hearings and sign related documents at the direction of the judge. The Defendants Wickensimer, Watts and Hudgens have immunity from suit in this § 1983 action.

The pleadings fail to state a claim upon which relief may be granted under § 1983 against these immune Defendants and should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

### III. State Claims

Through the exercise of "supplemental jurisdiction," federal courts may hear and decide state law claims in conjunction with federal law claims. *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 387 (1998). Even if the pleadings in this case were liberally construed to state a claim based on state law, such as defamation, the Court should decline to consider the state law claims alone. Federal courts are permitted to decline supplemental jurisdiction pursuant to subsection 28 U.S.C. § 1367(c), if:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

12

(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Because the pleadings fail to state a federal claim under § 1983, over which the Court would have original jurisdiction, this Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims under § 1367(c)(3).

## Recommendation

Accordingly, it is recommended that the District Judge dismiss the complaint *without prejudice* and without issuance and service of process. *See* 28 U.S.C. § 1915(e)(2)(B). The plaintiff's attention is directed to the notice on the following page.

August 19, 2008
Charleston, South Carolina

George C. Kosko
United States Magistrate Judge

13

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).